IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| STATE OF TEXAS | § | |
| --- | --- | --- |
| | § | |
| VS. | § | |
| | § | NO. 3-07-CR-246-P |
| DEMETRE DREYDEN | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendant Demetre Dreyden, a federal employee, has filed a motion to dismiss the peace bond complaint filed against her in a Dallas County, Texas justice court. As grounds for her motion, defendant contends that the complaint does not allege that "an offense is about to be committed," or that she "has threatened to commit an offense," as required by Texas law.[1] For the reasons stated herein, the motion should be granted.

I.

On June 27, 2007, James Woods, a disgruntled social security claimant, filed an application and complaint for a peace bond against defendant, a district manager of the Dallas Fair Park Office of the Social Security Administration. In his complaint, Woods states:

> Mrs. Demetre Dreyden called security on me for no reason after I inquired about a settlement from SSI. She told me to take a number. She is the manager of the Social Security Office on Martin L. King. The law office fine me $279.00 and charge with disorderly conduct. Afterward I called her a mother f---r. She call back the next day and tried to talk about my paperwork from SSI. Prior tone she I'll send the

---

[1] Defendant further contends that she is immune from state prosecution under the Supremacy Clause of the United States Constitution. *See* U.S. Const. art. IV, cl. 2. Because the peace bond complaint is deficient on its face, the court need not address this alternative ground for dismissal.

> police to your house and to take her seriously. I don't know and to
> stop calling wear [sic] strangers. And what she did was unusual I
> believe she called security on me that man fine 279. I was not
> expecting. That officer is employed by Homeland Security which I
> will plead not guilty.

(Def. Mot., Exh. 3). After defendant was served with a copy of the peace bond complaint and a notice of a hearing in Dallas County justice court, defendant removed the case to federal district court.[2] Defendant now moves to dismiss the complaint under Fed. R. Crim. P. 12(b). The motion has been fully briefed by the parties and is ripe for determination.

II.

When a criminal action against a federal employee is removed to federal court, the court conducts the proceeding "under federal rules of procedure while applying the criminal law of the State." *Arizona v. Manypenny*, 451 U.S. 232, 241, 101 S.Ct. 1657, 1664, 68 L.Ed.2d 58 (1981). One such procedural rule allows a defendant to challenge the sufficiency of an indictment or complaint in a pretrial motion. *See* Fed. R. Crim. P. 12(b)(2). The Fifth Circuit has held that a charging instrument is sufficient "if it contains the elements of the offense charged, fairly informs the defendant what charge he must be prepared to meet, and enables the accused to plead acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Cauble*, 706 F.2d 1322, 1333 (5th Cir. 1983), *cert. denied*, 104 S.Ct. 996 (1984). Generally, the sufficiency of an indictment or complaint is determined from its face. *See United States v. Risk*, 843 F.2d 1059, 1061 (7th Cir. 1988), *citing United States v. Sampson*, 371 U.S. 75, 78-79, 83 S.Ct. 173, 175, 9 L.Ed.2d 136 (1962). However, a court may consider whether the allegations are sufficient to state a claim under the relevant criminal statute. *Id.*

---

[2] The case was properly removed to federal court because the charge involves acts allegedly committed by defendant under color of her office as an employee of the Social Security Administration. *See* 28 U.S.C. § 1442(a)(1).

A.

The charging instrument in this case is the application and complaint for peace bond filed by Woods on June 27, 2007. Under Texas law:

> Whenever a magistrate is informed upon oath that an offense is about to be committed against the person or property of the informant, or of another, or that any person has threatened to commit an offense, the magistrate shall immediately issue a warrant for the arrest of the accused; that he may be brought before such magistrate or before some other named in the warrant.

Tex. Code Crim. Proc. Ann. art. 7.01 (Vernon 2005). The "offense" alleged in the peace bond complaint must be threatened or about to be committed against the person or property of the informant or another individual. *See Ex parte Muckenfuss*, 107 S.W. 1131, 1132 (Tex. Crim. App. 1908). "In the absence of a serious threat to do something presently or in the future the law will not support an order for a peace bond." *Ex parte McCain*, 221 S.W.2d 781, 783 (Tex. Crim. App. 1949) (citing cases).

B.

In his complaint, Woods alleges that defendant called security after he inquired about the status of his SSI claim. Woods states that he was charged with disorderly conduct and fined $279.00. The complaint further alleges that defendant called Woods on the telephone and tried to talk to him about his paperwork. According to Woods, defendant told him to take her "seriously" and threatened to "send the police to your house." Woods told defendant to stop calling him because they "wear [sic] strangers." There is no allegation that defendant continued to call Woods after that one telephone conversation. Nor does Woods allege any facts which, if proved, suggest that defendant is about to commit, or has threatened to commit, any colorable offense under Texas law. Absent such allegations in a complaint made under oath, there is no basis for issuing a peace bond.

## **RECOMMENDATION**

Defendant's motion to dismiss the peace bond complaint filed by James Woods [Doc. #6] should be granted. This case should be dismissed for failure to allege that defendant is about to commit, or has threatened to commit, an offense under Texas law.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 16, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE